Mr. Doug Smith Arkansas Times 201 East Markham Little Rock, Arkansas 72201
Dear Mr. Smith:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the refusal of Arkansas Children's Hospital ("ACH") to provide you with the personnel file of Robert L. Marsh is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Supp. 1995). You note that Mr. Marsh was a former high-ranking employee of Arkansas Children's Hospital who has recently been hired as finance director of Pulaski County. You also note that a lawyer for ACH will not provide the requested records on the basis that there is no "compelling public need" to see them. You believe a "compelling" public interest does exist and have asked my opinion of the matter.
I must note that I do not have the actual records in question, and absent a review of the particular documents, I cannot come to a conclusive determination as to whether they are properly releasable under the FOIA. I can, however, set out the relevant legal tests to be applied, in the hopes that it will aid the parties to reach a legally correct resolution of the matter.
A few initial points must be made. A preliminary question may arise as to the applicability of the Arkansas FOIA to ACH. Whether the act is applicable to a particular private entity (such as a nonprofit hospital) is a question of fact. See, e.g., Ops. Att'y Gen. 96-116 and 93-119. It appears from your characterization of ACH's response to your FOIA request that ACH may itself acknowledge that it is an entity subject to the Act, but simply believes the records in question fall within an exemption thereto. The question of whether ACH is an entity subject to the Act is a factual one which I cannot resolve. I will assume, herein, however, for purposes of addressing your ultimate questions, that ACH is an entity subject to the Act.
A further point of clarification must be made prior to addressing the "compelling public need" for the records in question. You note that you have requested the "personnel files" of Mr. Marsh. Typically, such files include both "personnel records," for purposes of the FOIA, and "employee evaluation and job performance records" under that Act.[1] These are two distinct types of records and the distinction is an important one, because a different legal test applies to the release of each. Under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public, except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." See
A.C.A. § 25-19-105(b)(10). Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. §25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
As can be seen from the discussion above, the "compelling public interest" requirement is only relevant when the records in question are "employee evaluation or job performance records." To the extent there are "personnel records" in the file or files you have requested (as opposed to "employee evaluation or job performance records), they are subject to the "clearly unwarranted invasion of personal privacy" test noted above. Unless the release of Mr. Marsh's "personnel records" would give rise to a "clearly unwarranted invasion of personal privacy" they should be released to you for inspection and copying. I have enclosed a copy of Op. Att'y Gen. 96-193 for your review, which discusses the application of this test in detail.
If there are any "employee evaluation or job performance records" in the personnel files of Mr. Marsh, they are not subject to inspection and copying under the Arkansas FOIA unless Mr. Marsh was finally suspended or terminated from ACH, the records formed a basis for the suspension or termination, and there is a compelling public interest in the disclosure. If there was in fact no suspension or termination, the inquiry as to "employee evaluation or job performance records ends. The "employee evaluation or job performance records" of an employee who has been neither suspended nor terminated are not subject to inspection and copying under the FOIA. It is unnecessary in that event to reach the question of whether there is a "compelling public interest" in the disclosure of the records.
If the employee has in fact been finally suspended or terminated, and there are records in possession of the agency which formed a basis for the decision to suspend or terminate, those records are subject to inspection and copying only if there is a "compelling public interest" in their disclosure. It has been stated by a recognized commentator on the FOIA that: "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public. . . ." Watkins, The Arkansas Freedom of Information Act, (mm Press, 2d ed. 1994) at 135. Nor would a general interest in the performance of public employees be deemed compelling. Id. at 137. Professor Watkins notes that: "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 135. According to Professor Watkins, "[t]he public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees." Id. He also notes that: "[t]he status of the employee, or more precisely, his rank within the bureaucratic hierarchy may also be relevant. . . . As a practical matter, courts may be more likely to find [a compelling public interest] when a high-level employee is involved than when the evaluations of `rank-and-file' workers are at issue." Id.
at 136.
It is not indicated in your request whether Mr. Marsh was ever in fact suspended or terminated from Arkansas Children's hospital. Neither is his exact former position with that entity detailed, nor are the reasons for any possible suspension or termination. I cannot make a legal conclusion as to whether a compelling public interest in disclosure of "employee evaluation or job performance records" exists without access to these factors. As a practical matter, the custodian of the records is in a position to evaluate these factors and make the initial determination, subject of course to an in camera review and determination by a court of competent jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] A description of the various types of records comprising each of these categories is given in Ops. Att'y Gen. 96-142 and 94-127, copies of which I have enclosed for your review.